UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BASKIM HOLDINGS, INC, <br><br> Plaintiff, <br><br> vs. <br><br> TWO , INC., d/b/a BABE'S CABARET, | Case No.: 2:16-cv-01898-APG-GWF <br><br> **ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 26), filed on January 20, 2017. Defendant filed its Opposition (ECF No. 28) on February 2, 2017 and Plaintiff filed its Reply (ECF No. 29) on February 9, 2017. Having reviewed the parties' briefs, the Court concludes that oral argument on this motion is unnecessary.

## **BACKGROUND AND DISCUSSION**

Plaintiff filed its complaint against Defendant Two M, Inc., d/b/a Babe's Cabaret ("TMI") on August 10, 2016, alleging claims for trademark infringement under 15 U.S.C. § 1114, federal trademark counterfeiting under 15 U.S.C. § 1114, federal trademark dilution under 15 U.S.C. § 1125(c), unfair competition and false designation of origin under 15 U.S.C. §1125(a), cybersquatting under 15 U.S.C. § 1125(d), common law trademark infringement, and violation of the Nevada Unfair and Deceptive Trade Practices Act. *Complaint* (ECF No. 1). The complaint alleges that Plaintiff obtained its federally registered trademarks in the name "Babe's Cabaret" in 2015. *Id.* at ¶¶ 7-11. Defendant has allegedly violated Plaintiff's registered trademarks by using the name "Babe's Cabaret" for its adult entertainment business in Nevada.

Defendant filed its answer on September 23, 2016. *Answer* (ECF No. 9). The scheduling order

provided that December 22, 2016 was the last day to file motions to amend the pleadings. *Order* (ECF No. 16). The Court, however, granted Plaintiff's unopposed motion to extend the amended pleadings deadline to January 23, 2017. *Order* (ECF No. 23). Plaintiff filed its instant motion on January 20, 2017.

The proposed amended complaint seeks to add Omar Aldabbagh as a defendant. It alleges that Mr. Aldabbagh is a founder of Defendant TMI and has continuously operated, controlled and had an ownership interest in TMI since its founding. *Motion* (ECF No. 26), Exhibit B, Proposed First Amended Complaint, ¶ 5. It alleges that Mr. Aldabbagh has been continuously responsible for overseeing the operations and marketing of TMI's goods and services, including the company's promotion of infringing services. Mr. Aldabbagh allegedly is the principal, driving force behind TMI's past and continued infringement of Plaintiff's trademarks. *Id.* at ¶ 18.

Because Plaintiff's motion for leave to amend was filed prior to the amendment deadline, the Court applies the liberal standard for amendment under Rule 15(a) of the Federal Rules of Civil Procedure. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962), states that leave to amend should be granted unless the court finds that there has been undue delay, bad faith or dilatory motive by the moving party, that the opposing party would suffer undue prejudice by the amendment, or the amendment would be futile. *See also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

Defendant opposes the proposed amendment apparently on the grounds that it would be futile. Defendant has attached to its opposition a draft motion for summary judgment that it intends to file. *Opposition* (ECF No. 28), Exhibit 1. The draft motion states that Plaintiff's adult entertainment businesses, known as Babe's Cabaret, are located in Louisiana and New Jersey. Defendant has operated its adult entertainment business, also known as Babe's Cabaret, in Henderson, Nevada since 2006. Defendant argues that Plaintiff's claims are barred under the "Tea-Rose Rule" which provides that "if the party who was first in time to use the trademark (the 'senior user') later enters the territory of the other party who adopted the trademark at a later date (the 'junior user') the senior users ability to enforce the trademark rights is restricted, in that the junior user retains the exclusive right to continue using the trademark in the geographic area in which it operates. *See* McCarthy on trademarks, Section

26:2 *et seq.*, *Hanover Star Milling Company v. Metcalf*, 240 U.S. 403 1916, known as the 'Tea-Rose Doctrine'; *United Drug Company v. Theodore Rectanus Company*, 248 U.S. 90 (1918); *Groupo Gigante SA v. Dallo and Company, Inc.*, 391 F.3d 1088, 1096 (9th Cir. 2004)." Exhibit 1, pgs 3-4. Defendant also argues that Plaintiff's claims are barred by the "Dawn Donut Rule" which provides that "[e]ven if a senior user, armed with a federal trademark registration, establishes the right to enforce its nationwide trademark right in a junior user's territory, the right to enjoin the junior user's ongoing use of an infringing trademark can be enforced <u>only</u> if there is an actual likelihood of confusion. *Dawn Donut Company v. Heart's Food Stores, Inc.*, 267 F.2d 358 (2d Cir. 1959)." *Id.* at pgs 4-5. Defendant argues that because it operates its business in Henderson, Nevada and caters to a local clientele, there is no likelihood of confusion even if Plaintiff hereafter opens a similar business in Southern Nevada that uses the subject trademark.

      Issues of fact may exist regarding application of the "Tea-Rose Rule" or the "Dawn Donut Rule." *Groupo Gigante SA De CV v. Dallo and Company, Inc.* states that the point of the *Tea Rose-Rectanus* doctrine is that "in a remote area, where no one is likely to know of an earlier user, it is unlikely that consumers would be confused by the second user's use of the mark." 391 F.3d at 1096-97. Whether consumers in Nevada would relate the name "Babe's Cabaret" to the businesses operated by Plaintiffs in New Orleans or New Jersey may be open to reasonable debate. The Court is unable to conclude on the basis of the draft motion that Plaintiff's claims are without merit and that the joinder of Mr. Aldabbagh as a defendant would be futile. It also makes more practical sense to allow

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

Mr. Aldabbagh to be joined as a defendant, and avoid the delay that is likely to occur if Plaintiff is required to wait until the motion for summary judgment is decided before moving to join him as a defendant. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 26) is **granted** and the hearing set for February 16, 2017 at 10:30 A.M. is **vacated**.

DATED this 13th day of February, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge