# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BASKIM HOLDINGS, INC., <br><br>Plaintiff, <br><br>v. <br><br>TWO M, INC. and OMAR ALDABBAGH, <br><br>Defendants. | Case No. 2:16-cv-01898-APG-GWF <br><br>**ORDER REGARDING MOTION TO SEAL** <br><br>(ECF No. 112) |

    Plaintiff Baskim Holdings, Inc. moves for permission to file under seal the entirety of its motion in limine regarding the defendants' expert. ECF Nos. 112, 113. Baskim cites to the Protective Order entered in this case. ECF No. 32. However, that order does not permit the wholesale sealing of entire documents. Rather, the provides extends to "portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such [protected] Material." *Id.* at 8:12-13.

    Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

Baskim has sealed the entire filing (motion and exhibits) without attempting to file a redacted form. The mere fact that one party designated information as confidential under a protective order does not satisfy the *Kamakana* standard. Only those portions of the motion that contain specific reference to confidential documents or information, and the exhibits that contain such confidential information, may be filed under seal. The remainder of the motion, and other exhibits that do not contain confidential information, must be filed as publicly-accessible documents.

I will allow the filing to remain sealed temporarily so the parties may confer about what, if any, portions of the motion and its exhibits should be sealed. If any party determines that a portion of the filing should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing within 14 days of the date of this order. If any party believes that this would require redaction of nearly the entire document, it must explain why. Any motion to seal must set forth specific reasons to support sealing. Merely citing to the protective order is insufficient.

IT IS THEREFORE ORDERED that Baskim's motion in limine (**ECF No. 113**) **shall remain sealed pending further order of the court.**

IT IS FURTHER ORDERED that the parties shall confer about what, if any, portions of the motion and its exhibits should be sealed. If any party determines that a portion of the filing should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing within 14 days of the date of this order. If any party believes that this would require redaction of nearly the entire document, it must explain why. Any motion to seal must set forth specific reasons to support sealing.

IT IS FURTHER ORDERED that if a motion to seal is not filed within 14 days of the date of this order, Baskim's motion in limine will be unsealed.

DATED this 26th day of January, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE