# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

BASKIM HOLDINGS, INC.,

Plaintiff,

v.

TWO M, INC. and OMAR ALDABBAGH,

Defendants.

Case No. 2:16-cv-01898-APG-GWF

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION TO FILE SURREPLY**

(ECF Nos. 81, 100)

Plaintiff Baskim Holdings, Inc. filed this lawsuit against defendants Two M, Inc. and Omar Aldabbagh, alleging the defendants infringed Baskim's trademarks related to Babe's Cabaret. Defendant Aldabbagh moves for summary judgment, arguing he cannot be personally liable for any alleged infringement because he did not know about Baskim's Babe's marks before Two M started using the mark.[1]

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine

---

[1] Aldabbagh also argues he could not violate Baskim's rights because Baskim did not exist until 2009, and the defendants' use pre-dates 2009. I have addressed and rejected similar arguments in another order.

1  issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir.

2  2000).  I view the evidence and reasonable inferences in the light most favorable to the non-

3  moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

4        I deny Aldabbagh's motion because he has not shown as a matter of law that he must

5  know his acts constitute infringement to be liable for trademark infringement.  Aldabbagh relies

6  on a single case from the District of New Hampshire, *Coach, Inc. v Sapatis*, 27 F. Supp. 3d 239

7  (D. N.H. 2014).  That case, however, analyzed whether a corporate officer can be liable for

8  contributory trademark infringement. *Coach, Inc.*, 27 F. Supp. 3d at 244-45.  Baskim alleges

9  Aldabbagh is a direct infringer. ECF No. 34.

10       Under Ninth Circuit authority, a "corporate officer or director is, in general, personally

11  liable for all torts which he authorizes or directs or in which he participates, notwithstanding that

12  he acted as an agent of the corporation and not on his own behalf." *Coastal Abstract Serv., Inc. v.*

13  *First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (quoting *Transgo, Inc. v. Ajac*

14  *Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985)); *see also POM Wonderful LLC*

15  *v. Purely Juice, Inc.*, 362 F. App'x 577, 581 (9th Cir. 2009) (holding corporation's president

16  liable under the Lanham Act because he authorized and directed the allegedly false advertising

17  and had the "final word" on business decisions).  Trademark infringement is a "species" of the

18  "broad business tort of 'unfair competition.'" *Int'l Order of Job's Daughters v. Lindeburg & Co.*,

19  633 F.2d 912, 915 (9th Cir. 1980).

20       To establish trademark infringement under the Lanham Act, Baskim must show that it

21  "holds a protectable mark, and that the alleged infringer's imitating mark is similar enough to

22  cause confusion, or to cause mistake, or to deceive." *Surfvivor Media, Inc. v. Survivor Prods.*, 406

23  F.3d 625, 630 (9th Cir. 2005) (quotation omitted).  There is no requirement that Baskim prove the

24  alleged infringer knew of Baskim's protected mark or intended to infringe.  Rather, the

25  defendant's intent and knowledge are some of many factors to consider in the likelihood of

26  confusion analysis. *See id.* at 631, 634.

27

28

1     Baskim has presented evidence that Aldabbagh is Two M's sole owner. ECF No. 93-2 at

2     6. Aldabbagh made the final decision for Two M to use the Babe's name. ECF No. 44-10 at 10-

3     11. Two M's manager of the club, James Palasek, confirmed that although he suggested the

4     Babe's name, Aldabbagh made the final decision to use it because "he makes all the decisions."

5     ECF No. 44-11 at 8. Baskim therefore has presented evidence raising a genuine dispute as to

6     whether Aldabbagh authorized and directed the alleged infringement. Consequently, I deny the

7     motion for summary judgment.

8          IT IS THEREFORE ORDERED that the defendants' motion for summary judgment

9     **(ECF No. 81) is DENIED**.

10         IT IS FURTHER ORDERED that the plaintiff's motion for leave to file surreply **(ECF**

11    **No. 100) is DENIED as moot**.

12         DATED this 16th day of March, 2018.

13

14                                    _____
                                      ANDREW P. GORDON
15                                    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28