# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BASKIM HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TWO M, INC. and OMAR ALDABBAGH, <br><br> Defendants. | Case No. 2:16-cv-01898-APG-GWF <br><br> **ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION TO FILE SURREPLY** <br><br> (ECF Nos. 80, 106) |

Plaintiff Baskim Holdings, Inc. filed this lawsuit against defendants Two M, Inc. and Omar Aldabbagh, alleging the defendants infringed Baskim's trademarks related to Babe's Cabaret. The defendants move for summary judgment, arguing Baskim lacks standing to bring its trademark claims because it did not own the trademarks at the time this lawsuit was initiated, and a March 2017 *nunc pro tunc* assignment cannot retroactively confer standing on Baskim. The defendants also argue Baskim procured its federally-registered marks through fraud by falsely representing to the United States Patent and Trademark Office (USPTO) that Baskim had used the marks since 2005 when Baskim was not even formed until 2009. Finally, they contend that Baskim could not have used the trademark before the defendants did because Baskim did not exist until 2009 and Baskim did not obtain the rights to the Babe's marks until the March 2017 assignment.

Baskim responds that it obtained the trademark rights through a 2009 oral assignment that pre-dates the marks' federal registrations. Baskim contends it has standing because oral assignments of unregistered marks are valid. Baskim argues that the assignor used the mark starting in 2005, so Baskim's statements to the USPTO that it or its predecessors had used the marks since 2005 were truthful. Finally, Baskim asserts that for these same reasons, its use pre-dates the defendants' use because Baskim steps into the shoes of its assignor.

1    I deny the defendants' motion because they have not shown as a matter of law that Baskim lacks standing or committed a fraud on the USPTO. Additionally, because Baskim as assignee steps into the shoes of its assignor, the defendants also have not shown as a matter of law that their use of the Babe's marks pre-dates Baskim's.

**I. BACKGROUND**

In 2005, non-party RMDR Investments, Inc. began operating a strip club called Babe's Cabaret in New Orleans, Louisiana. ECF No. 44-1 at 3. RMDR continuously used the Babe's Cabaret mark until 2009, when RMDR was sold to the same individuals who formed and own Baskim. *Id.*; ECF Nos. 80 at 24; 99-2 at 3-4. Baskim was formed to hold the Babe's Cabaret intellectual property, and according to Baskim's president, Charles Bass, RMDR orally assigned its rights in the Babe's Cabaret name to Baskim. ECF Nos. 44-1 at 3; 80 at 24; 99-2 at 3-4. Baskim then licensed use of the Babe's name back to RMDR. ECF No. 44-1 at 3. Following the 2009 oral assignment, Baskim has licensed the Babe's marks to other strip clubs, including one in Texas and another in New Jersey. ECF No. 44-1 at 5.

In February 2015, Baskim filed applications with the USPTO to register the "Babe's Cabaret," "Babe's NOLA," "Babe's NOLA Cabaret," and "Babe's Cabaret NOLA" marks in connection with exotic dancing. *Id.* at 4-5; ECF No. 80 at 43, 61. In its application for the Babe's Cabaret mark, Baskim represented to the USPTO that "the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 11/28/2005." ECF No. 99-1 at 5. All four applications were granted. ECF No. 44-1 at 4-5.

Baskim filed this lawsuit on August 10, 2016, alleging that the defendants infringed on the Babe's marks by operating "Babe's Cabaret," a strip club in Las Vegas. ECF No. 1. In March 2017, Baskim and RMDR entered into a written "*nunc pro tunc* agreement of mark," by which RMDR assigned its rights in the Babe's marks, including all associated goodwill and rights to sue for past and future infringement, "*nunc pro tunc* effective as of November 28, 2005." ECF No. 80 at 58. This is the only written assignment between RMDR and Baskim regarding the Babe's marks.

## II. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Standing

"To establish standing to sue for trademark infringement under the Lanham Act, a plaintiff must show that he or she is either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a nonowner with a cognizable interest in the allegedly infringed trademark." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225 (9th Cir. 2008). Baskim owns federally registered marks and asserts rights in unregistered marks as well. The question is whether Baskim lacks standing because it did not have a written assignment of those rights until after this suit was filed.

Trademarks are assignable. *Russell Rd. Food & Beverage, LLC v. Spencer*, 829 F.3d 1152, 1156 (9th Cir. 2016) (citing 15 U.S.C. § 1060(a)(1) ("A registered mark . . . shall be assignable . . . .")). Under the Lanham Act, assignments of federally registered marks must be in writing. 15 U.S.C. § 1060(a)(3) ("Assignments shall be by instruments in writing duly executed . . . ."). However, common law trademark rights may be assigned orally. *See Taylor v. Thomas*, 624 F. App'x 322, 326 (6th Cir. 2015) ("When, as here, an assignment is not in writing, the

plaintiff can prove an implied agreement to transfer with strong evidence of conduct manifesting agreement." (quotation omitted)); *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 822 (3d Cir. 2006), *as amended* (May 5, 2006) ("Even if a writing is lacking, an assignment may be proven . . . by the clear and uncontradicted oral testimony of a person in a position to have actual knowledge."); *TMT N. Am., Inc. v. Magic Touch GmbH*, 124 F.3d 876, 884 (7th Cir. 1997) ("Assignments of trademark rights do not have to be in writing."); *Belden v. Zophar Mills*, 34 F.2d 125, 126 (2d Cir. 1929) ("A common-law trade-mark may be conveyed with the sale of a business by oral transfer.").

The defendants contend Baskim lacks standing because it did not have a written assignment of the trademarks prior to bringing this lawsuit, relying primarily on *Gaia Technologies, Inc. v. Reconversion Technologies, Inc.*, 93 F.3d 774 (Fed. Cir. 1996). In that case, the Federal Circuit ruled that to have standing, the trademark registrant had to own the intellectual property at the time suit was filed, and "the relevant statutes require an assignment of patents and registered trademarks to be in writing." *Gaia Techs., Inc.*, 93 F.3d at 777, 780. The court ruled the plaintiff had "failed to come forward with the requisite evidence necessary to establish that an assignment, in writing, of the Intellectual Property took place before the lawsuit was filed. Absent legal title of the Intellectual Property, [the plaintiff] lacked standing to bring the patent and registered trademark claims against the defendants." *Id.* at 780. The court rejected an attempt to establish a written assignment through a *nunc pro tunc* assignment executed after the lawsuit was initiated. *Id.* at 779-80.

However, *Gaia* is not on point here because that case involved marks that were federally registered at the time of the purported unwritten assignment. *See Gaia Techs., Inc. v. Reconversion Techs., Inc.*, No. H-93-3334, S.D. Tex., ECF No. 1 (alleging infringement of registered trademark for "leaky pipe"; USPTO records showing trademark for "leaky pipe" registered on July 28, 1992); *Gaia Techs., Inc.*, 93 F.3d at 778-79 (describing lack of written assignment pre-dating lawsuit filed in October 1993). Consequently, the assignment in *Gaia* had to be in writing.

In contrast, Baskim has presented evidence raising a genuine dispute that it obtained the rights to the marks through oral assignment before the marks were federally registered. To the extent the defendants are arguing that all assignments for federally registered marks must be in writing—including assignments that occur before registration—the defendants present no authority for that position. *See Monster Energy Co. v. Consol. Distribs., Inc.*, No. 6:11-cv-329-Orl-22DAB, 2013 WL 12156536, at *16 n.42 (M.D. Fla. Jan. 3, 2013) (rejecting a similar argument as "partially overstat[ing] the law" because oral assignments of common law marks are valid and the written assignment requirement applies to registered marks).

Baskim has presented evidence from which a reasonable jury could find the oral transfer took place. Bass testified under oath to the transfer. Additionally, the license-back agreement is evidence that RMDR transferred the intellectual property and associated goodwill to Baskim. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992) (stating "a simultaneous assignment and license-back of a mark is valid, where, as in this case, it does not disrupt continuity of the products or services associated with a given mark"). Finally, circumstantial evidence shows Baskim, not RMDR, asserted ownership rights over the trademarks following the oral assignment. Baskim licensed the marks to others and Baskim is identified as the registrant on the trademarks. Viewing this evidence in the light most favorable to Baskim, a reasonable jury could find RMDR orally assigned to Baskim in 2009 its rights in the common law trademarks, including the associated goodwill, and Baskim later registered the marks. Consequently, I deny the defendants' motion for summary judgment on this basis.

**B. Fraud on the USPTO**

For similar reasons, I deny the motion for summary judgment on the issue of whether Baskim obtained its trademarks through fraud on the USPTO. In its application for the Babe's Cabaret mark, Baskim represented to the USPTO that "the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 11/28/2005." ECF No. 99-1 at 5. Baskim has presented evidence that RMDR used the mark as

early as 2005, and as discussed above a reasonable jury could find RMDR is Baskim's licensee predecessor in interest. Consequently, I deny the motion for summary judgment on this issue.

### C. First Use

Finally, for similar reasons, I deny the defendants' motion arguing that they must be deemed a senior user to Baskim because Baskim was not formed until 2009. As assignee, Baskim is entitled to step into the shoes of its assignor, and Baskim has presented evidence that RMDR started using the mark in 2005. *Russell Rd. Food & Beverage, LLC*, 829 F.3d at 1156 ("When a trademark is assigned, the assignee steps into the shoes of the assignor . . . [and] therefore . . . acquires all the rights and priorities of the assignor . . . ." (quotation and citations omitted)).

## III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **(ECF No. 80) is DENIED**.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file surreply **(ECF No. 106) is GRANTED**.

DATED this 16th day of March, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE