# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BASKIM HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TWO M, INC. and OMAR ALDABBAGH, <br><br> Defendants. | Case No. 2:16-cv-01898-APG-GWF <br><br> **ORDER GRANTING MOTION IN LIMINE REGARDING DEFENDANTS' EXPERT CARROLL** <br><br> (ECF Nos. 130, 140) |

I grant Plaintiff Baskim Holdings, Inc.'s motion in limine to exclude the testimony and reports of the defendants' expert Thomas Carroll, Ph.D. ECF Nos. 130, 140. First, the defendants fail to explain why Dr. Carroll submitted two supplemental reports after the disclosure deadline. The defendants correctly point out that Federal Rule of Civil Procedure 26(e)(2) imposes a duty to supplement an expert's report. But that duty does not give them the right to update the report after the deadline with information and opinions that were available before the deadline. "A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report." *Allstate Ins. Co. v. Balle*, No. 2:10-cv-2205-APG-NJK, 2013 WL 5797848 at \*2 (D. Nev. Oct. 28, 2013). Because there is no reason why Dr. Carroll could not have provided the updated calculations and report by the disclosure deadline, his supplements are excluded.

Dr. Carroll's initial report is premised on incorrect legal bases. He calculates royalties from the date the defendants were notified about the infringement. Royalties may be recovered for the entire period of the infringement. *Wolfe v. National Lead Co.*, 272 F.2d 867, 871 (9th Cir. 1959), *cert. denied* 362 U.S. 950 (1960); *see also Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, 1343-45 (7th Cir. 1994) (approving calculation of royalties for the infringing period). Dr. Carroll also incorrectly asserts that Baskim is not entitled to recover both royalty payments (as a damage sustained by the plaintiff) and the defendants' profits because that would constitute

double recovery. Yet that is allowed by the Lanham Act. 15 U.S.C. § 1117(a) ("When a violation of any right of the registrant of a mark . . . shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."). Thus, Dr. Carroll's report is incorrect as a matter of law.

Because Dr. Carroll's report is incorrect as a matter of law, it is neither relevant nor reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). It will not help the jury understand the evidence or determine any fact in issue. Fed. R. Evid. 702(a). Thus, Dr. Carroll's report and his testimony will be excluded at trial.

IT IS THEREFORE ORDERED that the plaintiff's motion in limine **(ECF Nos. 130, 140) is granted.** The testimony and reports of defendants' expert Thomas Carroll, Ph.D. are excluded from trial.

DATED this 8th day of June, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE